UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHAZTON ANDERSON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>　　　　　　　　Defendant. | CASE NO. 3:23-cv-05506-DGE<br><br>ORDER GRANTING MOTION TO DISMISS (DKT. NO. 4) |

## I.　INTRODUCTION

This matter comes before the Court on Defendant Navy Federal Credit Union's Motion to Dismiss.  (Dkt. No. 4.)

## II.　BACKGROUND

On June 5, 2023, Mr. Anderson filed a complaint for "Breach of Contract, Security Fraud, and Non-performance of Fiduciary Duties" against Navy Federal Credit Union.  (Dkt. No. 1 at 3.)  Mr. Anderson asserted federal question jurisdiction under the Federal Reserve Act and "Bill of Exchange Act."  (*Id.*)  In his statement of the claim, he wrote:

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 4) - 1

> I submitted a credit application to Navy Federal and gave my securities as collateral. In return, I expected equitable treatment in regard to the securities I provided after performing in good faith. I subsequently submitted my payment, endorsed on the reverse side of the bill, and forwarded the necessary instructions to the Chief Financial Officer of Navy Federal for the purpose of set-off. I performed this action in good faith on three separate occasions, allowing the CFO a five-day response period for each notification. Regrettably, after a total of 15 days, I have yet to receive any response.

(*Id.* at 5.) Anderson further explains "this line of credit was acquired through a rigorous process, and it was [his] sole means of financial support," but when he was "faced with an emergency," he found himself "without access to the funds [he] needed." (*Id.* at 9.) Anderson alleges his inability to provide drove his wife away and prevented him from "obtaining the necessary provisions for [his] newborn child," causing him to turn to alcohol and experience severe depression. (*Id.*) The complaint requests $15,000,000 in damages. (*Id.* at 5.)

Defendant filed a motion to dismiss Anderson's complaint, arguing it fails to state a claim under Rule 8(a) and because it evokes "sovereign citizen" arguments rejected by courts throughout the country. (Dkt. No. 4 at 1.) Anderson did not respond to the motion within the time period set forth by Local Rule 7(d). Instead, almost two months after the noting date, Anderson filed a response that lacked any substantive argument. (Dkt. No. 11.)

### III. DISCUSSION

**A. Legal Standard**

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

**B. Merits**

Anderson's failure to timely reply to the Motion to Dismiss constitutes a concession. "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b). Even were the Court to consider Anderson's untimely response, such response is void of any substantive argument. Anderson's complaint fails to plead with specificity the facts of each of his alleged claims.

      i. <u>Inapplicable statutes</u>

At the outset, Anderson references generally inapplicable statutes forming the basis for federal question jurisdiction. He references 15 U.S.C. § 1615, which addresses the use of "Rule of 78's" in connection with mortgage refinancing, but he fails to allege any facts to support why this statute is applicable to his complaint. (Dkt. No. 1 at 3.) He also references 12 U.S.C. § 1431, which defines the powers and duties of the Federal Home Loan Banks, without alleging facts relating to the statute or any applicable provisions. (*Id.*) Finally, he references 12 U.S.C. § 360, which governs Federal Reserve banks receiving and clearing checks. (*Id.*) Again, Anderson fails to allege any facts under this statute.

### ii. Breach of contract claim

Anderson claims Navy is liable for breach of contract. (Dkt. No. 1 at 3.) The elements of a breach of contract claim are: (1) the existence of a valid contract, (2) breach of that contract, and (3) damages resulting from the breach. *Karpenski v. Am. Gen. Life Comps., LLC*, 999 F.Supp.2d 1235, 1250 (W.D. Wash. 2014); *Fidelity and Deposit Co. of Maryland v. Dally*, 201 P.3d 1040, 1044 (Wash App. 2009).

Anderson does not plead these elements. Although it appears Anderson has an account with Navy, he provided no contract governing the relationship and identified no provision he believes has been breached. (Dkt. No. 1 at 13.) The complaint therefore fails to allege enough facts to state a claim for breach of contract that is plausible on its face.

### iii. Securities Fraud claim

Anderson next claims Navy is liable for securities fraud. (Dkt. No. 1 at 3.) The required elements of a private securities fraud action are: (1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) reliance, (5) economic loss, and (6) a causal connection between the misrepresentation and loss. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341–342 (2005); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

Anderson's complaint is devoid of any of these elements. Instead, he argues generally that Navy's failure to respond to his payment left him "without access to the funds [he] needed." (Dkt. No. 1 at 9.) From the facts alleged, it does not appear Anderson purchased a security, much less purchased one in reliance on a material misrepresentation on Defendant's part. Anderson thus fails to state a claim for which relief can be granted under the Securities and Exchange Act.

        iv.    <u>Breach of fiduciary duty claim</u>

Finally, Anderson claims Navy is liable for "failure to fulfill their fiduciary duties through non-performance." (Dkt. No. 1 at 5.) "A fiduciary relationship does not exist on the basis of an arm's length business transaction, unless provided for by contract." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1041 (9th Cir. 2010) (citing *Maginnis v. Simmons*, 286 P.2d 102, 104 (Wash. 1955)). A claim for a breach of fiduciary duty exists when there is a duty and the breach was the proximate cause of losses sustained. *Id.* (citing *Senn v. Northwest Underwriters, Inc.*, 875 P.2d 637, 639 (Wash. App. 1994)).

Anderson does not allege facts demonstrating a fiduciary relationship between himself and Navy. He provides no contract or statute creating such a duty. Although he alleges the breach of the duty was from "non-performance," he does not explain what obligation Navy failed to perform. Anderson's mailing of "instructions" to the Chief Financial Officer of Navy Federal Credit Union, directing him to "transfer" "all titles, rights, interests, and equity to [his] principal" does not create a fiduciary duty. (Dkt. No. 1 at 8.) He alleges the breach of fiduciary duty occurred on May 6, 2023 (*id.*) but does not explain what that breach was. Anderson's complaint thus fails to allege facts sufficient to form a plausible claim for breach of fiduciary duty.

        v.    <u>Sovereign citizen arguments</u>

Finally, Defendant argues dismissal is warranted because Anderson's allegations rely on sovereign citizen arguments courts have repeatedly rejected. (Dkt. No. 4 at 5.)

Although Anderson does not expressly state he is a "sovereign citizen," his allegations, explanations, and exhibits are all demonstrative of his claims being rooted in sovereign citizen ideology. *See Caetano v. Internal Revenue Service*, Case No. 1:22-cv-00837-JLT-SAB, 2023 WL 3319158, at *4 (E.D. Cal. May 9, 2023). Specifically, Anderson cites the Cestui Que Vie

Act of 1666 as basis for federal question jurisdiction and includes a document entitled "DURABLE POWER OF ATTORNEY[,]" both of which are tied to theories associated with the sovereign citizen movement. (Dkt. No. 1 at 3, 14–18.) *See Potter v. United States*, 161 Fed.Cl. 24, 28–29 (Fed. Cl. 2022) ("Sovereign citizens also sometimes reference the Cestui Que Vie Act of 1666, or a 'cestui que vie' trust, as support for their arguments in court."); *Williams v. Georgia*, Case No.: 5:21-CV-439-TES-CHW, 2022 WL 568338, at *2 (M.D. Ga. Feb. 24, 2022) (finding Power of Attorney appointing plaintiff his own attorney-in-fact a common argument in "Redemptionist" theory of sovereign citizenship). Contentions based on sovereign citizen arguments are frivolous and courts ordinarily reject them without extended argument. *U.S. v. Ward*, No. 98-30191, 1999 WL 369812 at *2 (9th Cir. 1999). Notwithstanding Anderson's sovereign citizen arguments, the remainder of his complaint fails to identify any violation of any legal right capable of vindication in this Court, and dismissal is warranted.

      vi.    <u>Dismissal with prejudice</u>

Finally, Defendant asks this Court to dismiss with prejudice because Anderson cannot amend his complaint to cure the defects. (Dkt. No. 4 at 7.) Although leave to amend a deficient complaint shall be freely given when justice so requires, leave may be denied if amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)). Anderson has not proposed any specific allegations that may rectify his failure to identify any legal right or obligation Defendant violated. In an opposition filed 58 days late, Anderson states "[t]he complexities of the matter may necessitate further discovery and elucidation during the litigation process[,]" but "any perceived ambiguities can be clarified through subsequent proceedings." (Dkt. No. 11 at 2.)

This, combined with his failure to respond to Defendant's Motion to Dismiss, demonstrates an inability (or, perhaps, unwillingness) to make any necessary amendment. *See Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Dismissal with prejudice is therefore appropriate.

Anderson also filed a Motion for Entry of Default on June 29, 2023, arguing Defendant did not file an answer within the 21-day deadline. (Dkt. No. 7.) Even assuming Anderson did make proper service on June 7 as he represents (*Id.* at 5), Defendant's motion was filed on June 28, on the last day of the 21-day window and was therefore timely. (Dkt. No. 4.) Anderson's Motion for Entry of Default is moot given his failure to state a claim.

## IV.   CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendant's motion to dismiss. Plaintiff's Motion for Entry of Default is **DENIED**. Plaintiff's Complaint is **DISMISSED** with prejudice.

DATED this 5th day of October 2023.

David G. Estudillo
United States District Judge